## CIRCUIT COURT OF THE CITY OF RICHMOND

Mortgage Services, Inc.,
and Leo Nails

v.

City of Richmond

September 2, 1987

Case No. N-4891-4

By JUDGE ROBERT W. DULING

This matter is before the Court on defendant's Demurrer and Special Plea. The Court has reviewed the pleadings, the motions, the memorandum filed on behalf of the City, and the arguments of counsel heard on August 4, 1987.

Basically, the facts are as follows.

In February 1979 the City of Richmond demolished an unsafe building at 2508 Sixth Avenue, Richmond, Virginia, pursuant to authority granted under Section 15.1-11.2 of the Code of Virginia, 1950, as amended, and Section 6-4 of the Code of the City of Richmond, Virginia. Said property was then titled in the name of Stuart S. Atkins. On April 5, 1979, Mortgage Services, Inc. (MSI) acquired the property at a foreclosure sale. On April 26, 1979, the Trustee's deed conveying title to MSI was recorded in the Clerk's Office of the Circuit Court of the City of Richmond, Division I, in Deed Book 751, Page 459.

On October 17, 1979, the City of Richmond submitted a bill to Atkins, the owner of record, for $1,750.00, assessed as costs for the demolition pursuant to Section 15.1-11.2(3) of the Code of Virginia of 1950, as amended, and Section 6-6(6) of the Code of the City of Richmond,

Virginia, which states, in part, "(6) costs incurred by the City acting pursuant to subsections (4) and (5) of this section shall be chargeable to and payable by the owner of any such property *and may be collected as taxes and levies are collected. . . .*"

On October 23, 1979, the notice of assessment was noted in the Special Assessment Index of the Clerk's Office of the Circuit Court of the City of Richmond, Virginia, Division I. The special tax assessment appeared on MSI's tax bill for the tax year 1980. On October 12, 1983, MSI conveyed the property to Leo Nails. MSI and Nails petitioned the Court on May 13, 1987, to exonerate the property from these taxes.

Delinquent taxes are both a personal debt and a lien upon the land, and they run with the land. *In Re Polumbo*, 271 F. Supp. 640, 642 (W.D. Va. 1967).

Since MSI was not the owner of record of the property at the time of the demolition, at the time of the billing by the City for the demolition costs, nor at the time of the recordation of the assessment for the demolition, MSI has no personal liability as to the delinquent levy and, thus, no standing to bring this action against the City of Richmond. While Section 58.1-3959 of the Code of Virginia of 1950, as amended, does permit "any person interested in real estate may file a petition. . . for the purpose of having ascertained any and all delinquent taxes due upon such real estate," MSI no longer has such an interest in the real estate involved and therefore is not a proper party plaintiff.

Section 58.1-3903 of the Code of Virginia, 1950, as amended, authorizes the City to assess taxes "for any tax year of the three years last past." Once assessed, these taxes began to "run with the land," and the owner of the land, at the time of the assessment, acquired personal liability for the payment of such levy. As harsh as it may seem, MSI could not exonerate the land from such levy simply because the levy had not been made of record at the time of the foreclosure sale.

As to Nails, since his purchase of the land was on October 12, 1983, and since the notice of assessment had been placed in the Special Assessment Index of the appropriate Circuit Court Clerk's Office on October 23,

1979, he cannot thereafter claim lack of notice of the assessment at the time of his purchase.

Accordingly, the Court is of the opinion that the defendant's position should prevail and the plaintiff's petition denied and dismissed.